## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

STANLEY PRICE,

              Plaintiff,              Case Number: 09-13081

v.                                      BERNARD A. FRIEDMAN
                                        UNITED STATES DISTRICT COURT

MICHIGAN STATE TREASURER,

                                        VIRGINIA M. MORGAN
            Defendant.          UNITED STATES MAGISTRATE JUDGE

_____ /

## REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS/SUMMARY JUDGMENT MOTION

This *pro se* 42 U.S.C. § 1983 lawsuit was brought by Stanley Price, a prisoner in the custody of the Michigan Department of Corrections. Price alleges that his constitutional right to due process was violated when the Michigan State Treasurer[1] began garnishing a portion of his City of Detroit pension. Defendant Michigan State Treasurer has filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. No. 7). Price filed a document on February 16, 2010, that this court will construe as a response. (Doc. No. 8). Pursuant to L.R. 7.1(e)(2), the court will dispense will oral arguments and rule on the document submissions. For the reasons stated below, the court recommends that the motion to dismiss be **DENIED**.

---

[1] Plaintiff's complaint names the Michigan State Treasurer as the defendant in this action. The clerk's office incorrectly captioned this case with the Michigan Department of Treasury as the defendant. In conjunction with this R&R, the court has issued an order directing the clerk's office to correct its error.

1

## I. Background

On August 15, 2007, Price was sentenced to 25 to 40 years' imprisonment for second-degree murder. At the time Price was sentenced, he was receiving pension benefit payments from the City of Detroit. (Compl. p. 1). At some point thereafter, the Michigan State Treasurer secured an order from the Ingham County Circuit Court directing the City of Detroit to pay 30% of Price's monthly pension benefit payment to the Michigan Department of Corrections, pursuant to the State Correctional Facility Reimbursement Act, Mich. Comp. Laws § 800.401, *et seq.* (Compl. p. 1-2). Neither party attached the Ingham County Circuit Court's order to the pleadings.

On August 5, 2009, Price filed a one-count complaint in this court. Price alleges a denial of due process as a result of his pension benefits being assigned or alienated to the MDOC without his consent or at his direction. (Compl. p. 2). The Honorable Bernard A. Friedman referred this case to this court for all pretrial proceedings. (Doc. No. 3).

On January 6, 2010, the Michigan State Treasurer filed the instant motion to dismiss. (Doc. No. 7). Price filed a response on February 16, 2010.

## II. Standards of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 545 (2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that

states a plausible claim for relief survives a motion to dismiss." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id*. at 1949 (internal quotation marks and citation omitted).

The United States Court of Appeals for the Sixth Circuit has summarized the standard for summary judgment as follows:

> Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. "The judge is not to weigh the evidence and determine the truth of the matter, but rather determine whether there is a genuine issue for trial."

*Totes Isotoner Corp. v. Int'l Chemical Workers Union Council/UFCW Local 664C*, 532 F.3d 405, 411-12 (6th Cir. 2008) (internal citations omitted).

### III. Analysis

The Michigan Department of Treasury argues for dismissal on the ground that Price has not stated a 42 U.S.C. § 1983 claim because Price has not alleged that the Michigan Department of Treasury "set in motion any violation of Plaintiff's federal rights." (Doc. No. 7, Def.'s Mot. to Dismiss 7). The Michigan Department of Treasury further asserts that Price's procedural due process rights were not violated because he was afforded due process in state court. *Id.* Alternatively, the Michigan Department of Treasury and the Michigan State Treasurer asks this court to dismiss the claims against it based on Eleventh Amendment immunity because the Michigan Department of Treasury is not subject to suit and Price is not seeking prospective relief from the Michigan State Treasurer. *Id.* at 8.

In response, Price argues that the state court's order directing a portion of his pension violates the Employment Retirement Income Security Act's ("ERISA") anti-alienation provision.

3

(Doc. No. 8, Pension Benefits Pecuniary Assets 1). "The Ingham County Court effectively required the pension fund to make the pension payments to the State Treasurer account against the plaintiff's will." *Id.* Price asserts that the Michigan State Treasurer's action constitutes an involuntary assignment and, therefore, violates ERISA's anti-alienation provision. *Id.*

First, as noted above, the complaint clearly names the Michigan State Treasurer as the defendant in this case. As the Michigan Department of Treasury is not a party to this case, the court will not address the arguments made on its behalf.

Turning now to the Michigan State Treasurer's argument that Price's complaint should be dismissed based on Eleventh Amendment immunity, the court finds that Price is seeking prospective relief and, therefore, the Michigan State Treasurer's motion should be denied.

First, the court construes Price's complaint as a suit against the Michigan State Treasurer in his official capacity even though Price states in the case caption that he is suing the Michigan State Treasurer in his individual capacity. *See e.g.*, *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991) (a pro se litigant's complaint must be construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers."). As the Michigan State Treasurer notes in his brief, the complaint does not contain any allegations that the Michigan State Treasurer was personally involved in the court action that resulted in the order directing the City of Detroit pension fund to send a portion of Price's pension to the Michigan State Treasurer. State employees who are sued in their individual capacities are not liable for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Causey v. Bay City*, 442 F.3d 524, 528 (6th Cir.2006) (internal quotation marks omitted). Because Price did not allege that the Michigan State Treasurer was personally involved in the

4

unconstitutional conduct, Price does not have a claim against the Michigan State Treasurer in his individual capacity.

Nonetheless, Price does make allegations related to the Michigan State Treasurer's official actions, which leads this court to construe his complaint as one against the Michigan State Treasurer in his official capacity. In addition, the court declines to dismiss Price's claim against the Michigan State Treasurer in his official capacity because Price seeks prospective relief, specifically: "Order the State Treasurer to inform the board of trustees of the city of Detroit retirement system to discontinue sending 30% of the plaintiff's pension benefit payments to the Michigan State Treasurer and to deposit into the pension plan account." (Compl. p. 3).

The court is also reluctant to dismiss Price's lawsuit because he attempts to raise what could be a plausible claim in his complaint for a due process violation, based on his property interest in his pension, and raises the possibility of ERISA violations in his response to the motion to dismiss. The court finds, however, that Price's complaint lacks facts detailing his claims and does not plead an ERISA claim. Therefore, the court has issued a separate order directing Price to file a more definite statement.

## **IV. Conclusion**

For the reasons discussed above, the court recommends that Defendant's motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of*

*HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                              S/Virginia M. Morgan
                                              Virginia M. Morgan
                                              United States Magistrate Judge

Dated: June 17, 2010

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on June 17, 2010.

                                              s/J. Johnson
                                              Case Manager to
                                              Magistrate Judge Virginia M. Morgan