UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY PRICE

              Plaintiff,                    CIVIL ACTION NO. 09-13081

      v.                        DISTRICT JUDGE BERNARD A. FRIEDMAN

MICHIGAN STATE TREASURER,      MAGISTRATE JUDGE VIRGINIA M. MORGAN

              Defendant.

_____/

**REPORT AND RECOMMENDATION**
**TO DENY PLAINTIFF'S DISPOSITIVE MOTION (D/E #16) and**
**TO GRANT DEFENDANT'S SECOND MOTION TO DISMISS (D/E #17)**

**I. Introduction**

        This is a *pro se* action in which the plaintiff, an inmate in the custody of the Michigan

Department of Corrections (MDOC), alleges that defendant violated his constitutional right to

due process by garnishing a portion of his City of Detroit pension. Plaintiff also appears to

assert a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. §§ 1001 *et seq.* The matter comes before the court on plaintiff's "Dispositive Motion"

(D/E #16) and defendant's Second Motion to Dismiss (D/E #17).[1] For the reasons discussed

below, this court recommends that plaintiff's dispositive motion (D/E #16) be denied,

_____

[1]Defendant also filed a response in opposition to plaintiff's motion (D/E #18).

defendant's second motion to dismiss (D/E #17) be granted, and the case be dismissed with prejudice.

## II. Background

On August 5, 2009, Price filed a one-count complaint in this court. Price alleges a denial of due process as a result of his pension benefits being assigned or alienated to the MDOC without his consent or at his direction (D/E #1). In lieu of an answer, defendant filed a motion to dismiss or, alternatively, for summary judgment (D/E #7). This court then recommended that defendant's motion be denied and issued an order directing plaintiff to file a more definite statement (D/E #10, #12). That report and recommendation was subsequently adopted by the Honorable Bernard A. Friedman (D/E #15).

On July 19, 2010, plaintiff filed a more definite statement (D/E #14). In that statement, plaintiff alleges that, on September 5, 2008, defendant filed a complaint against plaintiff and the City of Detroit Retirement System pursuant to Michigan's State Correctional Facility Reimbursement Act ("SCFRA"), M.C.L. 800.401, *et seq.* (D/E #14, p. 1). Plaintiff also alleges that the City of Detroit sent him a copy of two orders of Ingham Circuit Court, issued in September of 2008, that appointed a receiver and froze any funds payable to plaintiff. (D/E #14, p. 2) According to plaintiff, the subsequent seizure of plaintiff's pension assets violated plaintiff's rights under the United States Constitution and ERISA (D/E #14, pp. 5-6).

On October 12, 2010, plaintiff filed a "Dispositive Motion" (D/E #16). In that motion, plaintiff argues that defendant's earlier motion to dismiss or, alternatively, for summary judgment (D/E #7) was denied (D/E #15) and that all the facts are already before the court.

Plaintiff also argues that the court should accept the pleadings and make a final judgment in his favor.

Defendant subsequently filed a response in opposition to plaintiff's dispositive motion (D/E #18). In that response, defendant argues that the court should deny plaintiff's motion for lack of merit and for the reasons already articulated in defendant's second motion to dismiss.

On October 15, 2010, defendant filed a motion to dismiss (D/E #17). In that motion, defendant argues that plaintiff's claims are barred by the Rooker-Feldman doctrine.[2] Plaintiff did not file a response to that motion and the deadline for filing such a response has passed (D/E #19).

## III. Discussion

### A. Plaintiff's Dispositive Motion (D/E #16)

Plaintiff does not identify the rule under which he moves for judgment, but it is clear that, regardless of the basis, his motion must be denied. Plaintiff appears to argue that because defendant's earlier motion to dismiss or, alternatively, for summary judgment (D/E #7) was denied by the court (D/E #15), he is entitled to judgment as a matter of law. However, the denial of defendant's earlier motion does not establish that plaintiff is entitled to judgment and plaintiff offers no other arguments. Moreover, as discussed below, plaintiff's claims are barred by the Rooker-Feldman doctrine. Accordingly, plaintiff's motion should be denied.

---

[2]See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

**B. Defendant's Second Motion to Dismiss (D/E #17)**

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.   When reviewing a Rule 12(b)(6) motion to dismiss, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976)); see also Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995).  Because a motion to dismiss rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses."  Miller, 50 F.3d at 377 (citing Cameron v. Seitz, 38 F.3d 264, 270 (6th Cir. 1994)).  However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993) (citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988)).  Rather, the complaint must contain either direct or inferential allegations with regard to all the material elements to sustain recovery under some viable legal theory.  DeLorean, 991 F.2d at 1240 (citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  However, "determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense."  Id. at 1940.

Here, defendant argues that plaintiff has failed to state a claim upon which relief can be granted because plaintiff's claims are barred by the Rooker-Feldman doctrine.[3] Under the Rooker-Feldman doctrine, federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States and a litigant who loses in state court may not seek "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U. S. 280, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2l005) (internal citation omitted). See also Johnson v. De Grandy, 512 U.S. 997, 114 S.Ct. 2647 129 L.Ed.2d 775 (1994). The proper avenue to redress such grievances is application to the United States Supreme Court for a writ of certiorari to review a final decision of a state's highest court, pursuant to 28 U.S.C. § 1257.

The Rooker-Feldman doctrine proceeds on two fronts. "First, in order of the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the Court must be [inextricably intertwined] with the claim asserted in the state court proceeding." Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998) (internal citation omitted). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Catz, 142 F.3d at 293 (internal citation omitted). Second, the Rooker-Feldman doctrine precludes federal court jurisdiction where the claim is "a specific

---

[3]See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923).

grievance that the law was invalidly-even unconstitutionally-applied in the plaintiff's particular case." Catz, 142 F.3d at 293 (internal citation omitted). Exceptions to this doctrine of abstention exist when plaintiffs attack the constitutionality of the statute or authority for the state court proceedings themselves, see Howard v. Whitbeck, 382 F.3d 633, 639 (6th Cir. 2004), or raise "a general challenge to the constitutionality of the state law applied in the state action," Catz, 142 F.3d at 293; see also Patmon v. Mich. Sup. Ct., 224 F.3d 504, 509-10 (6th Cir. 2000), but neither of these exceptions applies here.

As noted by defendant, the Sixth Circuit has already applied the Rooker-Feldman doctrine with preclusive effect to challenges, such as plaintiff's, by prisoners to State court judgments authorizing asset seizure under Michigan's State Correctional Facility Reimbursement Act ("SCFRA"), M.C.L. 800.401, *et seq*. See, *e.g.*, Abbott v. Michigan, 474 F.3d 324, 332 (6th Cir. 2007); McCarty v. Doe, 289 Fed. Appx. 836, 837-838 (6th Cir. 2008). In Abbot, state inmates brought a class action against the State of Michigan, Department of Treasury and the Michigan Department of Corrections, together with state officers and officials, alleging that defendants violated the Due Process Clause, ERISA and state law when defendants collected a portion of the inmates' pension benefits by securing state court orders under SCFRA. Abbot, 474 F.3d at 326-328. The district court concluded that the Rooker-Feldman doctrine and *res judicata* required dismissal of the plaintiffs' claims and the Sixth Circuit affirmed the judgment of the district court for those same reasons. Abbot, 474 F.3d at 326. As stated by the Sixth Circuit: "The plaintiffs' claims of particular injuries that they have suffered arise as a direct result of prior state-court judgments. Accordingly, the Rooker-Feldman doctrine prevents

lower federal courts from exercising jurisdiction over their challenges to SCFRA seeking to overturn the state-court judgments." Abbot, 474 F.3d at 330.[4] See also McCarty, 289 Fed. Appx. at 837-838 (holding that Rooker-Feldman doctrine and *res judicata* barred action by Michigan state prisoners filed against the Michigan State Treasurer and others pursuant to § 1983, ERISA, and state tort law where there was a state court judgment upholding the seizure of pensions pursuant to SCFRA).

The disposition of this case should be the same as in Abbot and McCarty. As acknowledged by plaintiff in his amended complaint, his alleged injuries arise as a direct result of a state-court judgment authorizing the seizure of his pension.[5] The Rooker-Feldman doctrine prevents lower federal courts from exercising jurisdiction over their challenges seeking to overturn state-court judgments and, here, the federal relief plaintiff seeks can only be predicated upon a conviction that the state court was wrong. Consequently, plaintiff's claims should be dismissed with prejudice.

**IV. Conclusion**

---

[4]The Sixth Circuit also held that the Rooker-Feldman doctrine did not bar lower federal courts from exercising jurisdiction over general challenges to the validity of SCFRA, Abbot, 474 F.3d at 330, but plaintiff makes no such challenge here. Moreover, even if plaintiff did make such a claim, it would be barred by *res judicata* just like the general challenges in Abbot were. See Abbot, 474 F.3d at 331-332.

[5]This court would note that neither party has provided any orders or judgments from the state court. However, the parties do not appear to dispute what occurred and the court will proceed based on their representations regarding the state court action.

For the reasons discussed above, this court recommends that plaintiff's dispositive motion (D/E #16) be denied, defendant's second motion to dismiss (D/E #17) be granted, and the case be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: December 14, 2010

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on December 14, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan
